UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NICOLE DANTES | CIVIL ACTION NO. 19-cv-1176 |
| VERSUS | JUDGE FOOTE |
| J. BROOCKS GREER, III | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Nicole Dantes ("Plaintiff") filed this civil action for legal malpractice against attorney J. Broocks Greer III, who represented her in an employment discrimination suit that was filed in this court. The federal court lacks subject matter jurisdiction over Plaintiff's malpractice claim. For the reasons set forth below, it is recommended that the complaint be dismissed without prejudice.

### Relevant Facts

Plaintiff, represented by attorney Greer, filed a civil action in this court that asserted claims against Plaintiff's former employer under the Americans with Disabilities Act and Title VII. Dantes v. American Electric Power, 15-cv-0528. The defendants in that case eventually filed a motion for summary judgment, as well as a Rule 37 motion based on Plaintiff's alleged failures to appear at her deposition and provide information requested in discovery. The motions were noticed for briefing, but Plaintiff did not file a response to either motion. Judge Hicks entered a reasoned decision that granted the motion for

summary judgment, which was followed by the entry of a judgment that dismissed the case with prejudice.

Several months later, Plaintiff filed a pro se letter in which she stated that she had recently learned through a Google search that her attorney did not oppose the motion for summary judgment and that the case had been dismissed. She made a request under Rule 60 that the case be reopened. Judge Hicks denied the request.

Plaintiff, now self-represented, then filed this civil action against attorney Greer. The caption of her petition indicates that it was perhaps intended for filing in the state court in Caddo Parish, but Plaintiff filed it with this federal court by tendering it over the counter. The court's staff confirmed that the clerk's office suggested to Plaintiff at the time of filing that she may have intended to file the petition in state court, as indicated in the caption. Plaintiff nevertheless insisted on filing the petition in this court. The clerk then accepted the filing.

The complaint describes the prior civil action and contends that attorney Greer did not consult with Plaintiff about his decision to not file any opposition to the motion for summary judgment. Plaintiff alleges that Greer's lack of consultation was a wrongful act that entitles her to recover damages from him. Plaintiff attached to her complaint a letter from the Louisiana Attorney Disciplinary Board that states that, after initial screening, the Chief Disciplinary Counsel directed that a formal disciplinary investigation be opened.

**Jurisdictional Review**

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The

court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

Federal Rule of Civil Procedure 8(a) requires that a pleading that seeks relief contain "a short and plain statement of the grounds for the court's jurisdiction." "Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings. MidCap Media Fin., L.L.C. v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). Plaintiff's complaint does not set forth any grounds on which she contends the federal court may exercise jurisdiction. The court will nonetheless review her factual allegations to determine whether there are any such grounds.

**Diversity Jurisdiction**

One basis for federal court jurisdiction that is often invoked in civil disputes is diversity of citizenship under 28 U.S.C. § 1332. The statute applies only if all persons on one side of the controversy are citizens of different states than all persons on the other side. MidCap Media, 929 F.3d at 313. Plaintiff's complaint does not invoke diversity jurisdiction, and the facts provided do not support it. The pleadings in the current and former civil actions indicate that Plaintiff is a citizen of Louisiana. Plaintiff alleges that Greer practices in Louisiana, and he is known to this court to have lived in Louisiana and practiced in the Shreveport area for decades. Accordingly, there is no factual basis for the court to hear the complaint under Section 1332.

**Federal Question**

Another potential basis for federal court jurisdiction is federal question jurisdiction, which is governed by 28 USC § 1331. The statute gives the federal court original jurisdiction of all civil actions "arising under" federal law. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. The rule provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Plaintiff's complaint does not assert any claim based on federal law or otherwise invoke Section 1331 or federal question jurisdiction.

Plaintiff's complaint alleges legal malpractice, which is a claim that arises under state law. That the underlying lawsuit was filed in federal court or involved federal claims is not sufficient to provide federal question jurisdiction over this legal malpractice suit. The Fifth Circuit recognized in a legal malpractice claim based on representation in a federal trademark lawsuit that "[l]egal malpractice has traditionally been the domain of state law, and federal law rarely interferes with the power of state authorities to regulate the practice of law." Singh v. Duane Morris, LLP, 538 F.3d 334, 339 (5th Cir. 2008). The Court held that the federal court lacked jurisdiction over the legal malpractice claim despite the fact that the alleged malpractice occurred in a prior federal trademark suit. Resolution of the claims did not require resolving any substantial federal issue.

The Supreme Court later issued a unanimous decision in Gunn v. Minton, 133 S.Ct. 1059 (2013) that assessed whether a state court could exercise jurisdiction over a legal malpractice claim that was based on whether the lawyer mistakenly did not raise an

argument that might have resulted in a win for the client in a federal court patent suit. The Court looked to the federal statute that grants the federal courts exclusive jurisdiction over civil actions arising under federal law relating to patents. It noted that it interprets the arising under provision of that statute identically to the language in Section 1331. Id. at 1064.  The Court then held that the legal malpractice claim did not arise under federal patent law even though it would be necessary for a court to decide an issue of patent law to resolve the malpractice claim.

Singh and Gunn demonstrate that this court lacks federal question jurisdiction over Plaintiff's legal malpractice claim.  There is no substantial federal issue that must be resolved to address the state-law legal malpractice claims.  The issues, under the facts alleged, will focus on the attorney's obligation to communicate with his client regarding decisions made in the course of the litigation.  The underlying federal ADA and Title VII claims will have even less relevance than the federal trademark claims at issue in Singh and the patent law at issue in Gunn.  The court, accordingly, lacks jurisdiction under Section 1331.

**Supplemental Jurisdiction**

Courts that have original jurisdiction over a claim may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  This form of jurisdiction is not applicable because the court does not gain original jurisdiction, via Section 1367, over a later-filed suit just because the new suit is related to an earlier suit over which the court did have jurisdiction.  Energy Mgmt. Servs., LLC v.

City of Alexandria, 739 F.3d 255 (5th Cir. 2014). This suit must have an independent basis for jurisdiction, and it does not.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and she has not asserted a federal claim that would support the exercise of federal question jurisdiction. Supplemental jurisdiction is also inapplicable, and there is no other apparent basis for the federal court to exercise jurisdiction over this case. It is possible that Plaintiff has alleged a state-law legal malpractice claim against her fellow Louisiana citizen, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). Plaintiff may be entitled to seek relief in state court on her state law claims, but this federal court lacks jurisdiction over her complaint.[1]

---

[1] Louisiana law requires that suits for legal malpractice be "filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. . . ." La. R.S. 9:5605(A). Plaintiff alleges in paragraph 5 of her petition that she was not aware that her case had been dismissed until September 7, 2017, but the record suggests that she intended to refer to September 7, 2018, which is the year in which the case was dismissed. Plaintiff filed her current complaint on September 6, 2019, one day prior to the anniversary date of her alleged discovery. Because it appears that she did not file this civil action in a court of competent jurisdiction, her claim for legal malpractice against Greer may be barred by prescription (the statute of limitations) unless she also filed a timely suit in state court. White v. Entergy Gulf States, Inc., 878 So. 2d 786 (La. App. 4th Cir. 6/16/04) ("Louisiana case law has … established that a court lacking subject matter jurisdiction is not a court of competent jurisdiction."); Tally v. Lovette, 332 So.2d 924 (La. App. 3rd Cir. 1976) (filing suit in a federal court that lacked jurisdiction did not interrupt prescription); and Venterella v. Pace, 180 So.2d 240 (La. App. 4th Cir.1965) (same).

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of September, 2019.

_MJH_
Mark L. Hornsby
U.S. Magistrate Judge